# CIRCUIT COURT OF SMYTH COUNTY

Ridge

v.

Stack

July 19, 1999

Case No. (Law) 98-5913

BY JUDGE CHARLES H. SMITH, JR.

This personal injury case was tried to a jury on the issue of damages on June 7, 1999. The jury returned a verdict for the plaintiff in the amount of $35,000.00. The defendant made a timely motion to set aside the verdict for excessiveness.

The plaintiff was injured in an automobile accident that occurred on June 15, 1996. She filed suit in this court on June 10, 1998, seeking damages in the amount of $100,000.00, on account of injuries allegedly sustained in that accident. At trial, the plaintiff testified that the impact of the collision caused her vehicle to move "an inch or two." Photographs of the vehicle were introduced and revealed that the damage was very minor. Ironically, the plaintiff testified that the force of the impact from the rear-end collision threw her, first forward and then backward, just tapping her head on the steering wheel and then the rear window. There was no loss of consciousness nor any visible injuries, and she was able to get out of her vehicle unassisted after the accident. She reported no injuries to the investigating officer and proceeded on to work after the investigation. She worked only part-time for about the next two weeks and then returned to work full-time. She claimed lost wages in the amount of $200.00. The plaintiff did not seek medical treatment until some eleven days after the accident when she consulted a chiropractor. The chiropractor diagnosed her with having a cervical, thoracic, and lumbosacral sprain/strain and rendered treatment to her until April 2, 1997. The plaintiff testified that she has received no treatment since that time. The chiropractor's

bill was $3,818.00 and was submitted into evidence. The plaintiff sought no other medical treatment and incurred no other medical expenses.

The plaintiff testified that she had been involved in a previous automobile accident in which she received a strained neck and lower back and had received chiropractic care for approximately twenty months for those injuries.

The plaintiff was examined by orthopedic surgeon, Dr. Neal A. Jewell, for an independent medical evaluation on April 12, 1999. Dr. Jewell did a thorough examination and reported his findings were normal. He did find evidence of some degenerative arthritis in her neck which apparently pre-existed this accident. He also found that the plaintiff had suffered a neck sprain from the previous accident which had apparently resolved prior to this accident. Dr. Jewell testified that the plaintiff had suffered a sprain of her neck in the present accident, which she told him was still causing her symptoms. He also opined that she had suffered a low back sprain in the present accident which had resolved. Dr. Jewell testified that independent of what Mrs. Ridge had reported to him, he was unable to determine whether her symptoms were related to the present accident, the previous accident, or her pre-existing degenerative arthritic condition. He was of the opinion that the plaintiff did not presently require any restrictions on her activities, nor any future medical care.

In considering the motion to set aside a verdict and order remittitur or a new trial on the issue of damages, the court is guided by certain well-founded and basic principles of law.

(1) Each case is different and has to be decided upon its own particular facts and circumstances. What is fair in one case might be entirely inadequate or grossly excessive in another.

(2) The verdict of the jury, arrived at upon competent evidence and controlled by proper instructions, has always been held to be inviolate against disturbance by the court. If the verdict merely appears to be large and more than the trial judge would have awarded had he been a member of the jury, it ought not to be disturbed, for to do so, the judge must then do what he may not legally do, that is, substitute his judgment for that of the jury.

(3) The courts of the Commonwealth have not abdicated their duty to correct excessive verdicts. The trial judge has both the power and the duty to correct a verdict which he finds so excessive as to shock the conscience of the court or to compel the conclusion that the verdict was the product of passion or prejudice or some misunderstanding of the facts or the law.

> If the award is so out of proportion to the injuries suffered to suggest
> that it is not the product of a fair and impartial decision, then it

becomes the plain duty of the judge, acting within his legal authority, to correct the injustice.

§ 8.01-383 of the Code provides in part as follows:

> In any civil case or proceeding, the court before which a trial by jury is had, may grant a new trial, unless it be otherwise specifically provided. A new trial may be granted as well where the damages awarded are too small as where they are excessive ... .

In a case such as this, it is clear that this Code section and a subsequent one, § 8.01-383.1, authorize the court to require the plaintiff to remit a portion of the award or submit to a new trial solely on the issue of damages. I will omit the citations, but suffice it to say that the annotations listed under those two Code sections are replete with the three basic principles of law mentioned above. I am guided by these Code sections and annotations, as well as counsels' memoranda and legal arguments in reviewing the record in this case. Having reviewed the record in this light, the court is of opinion to, and will, order the plaintiff to suffer a remittitur of $15,000.00 or submit to a new trial limited to the issue of damages. I do so because the court is of the opinion that the verdict herein was clearly excessive and out of proportion to the injuries sustained or damages suffered. It is so excessive as to shock the court's conscience and sense of justice and fairness, nearly nine times the plaintiff's specials. Considering all the circumstances of this case: virtually no physical damage to the vehicle, no personal injuries reported at the scene of the accident, incredible testimony from the plaintiff concerning her movement in the vehicle after the collision, the fact that the plaintiff went on to work after the accident, the fact that the plaintiff did not seek medical treatment until eleven days after the accident and then only a chiropractor, not a medical doctor, the fact that there was soft tissue damage only, that there is no permanent injury, that the plaintiff had not had any treatment in over two years, that the only medical expert who examined the plaintiff opined that she suffered a neck and back sprain which had resolved, the court is of the opinion that the jury must have based its verdict in some way on passion or sympathy or otherwise must have misconstrued the facts or the law. This court is of the opinion that the verdict is not the product of a fair and impartial decision and is tainted with the stamp of unfairness.